**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                                            ) | CR. NO. 05-00338-CG |
| ) | |
| FREDERICK M. HOLLIMAN, JR,     ) | |
| ) | |
| Defendant.                          ) | |

## **ORDER**

This matter is before the court on defendant's motions for hearing on the writ of garnishment and transfer of the hearing on the motion to Jacksonville, Florida, where the defendant is currently incarcerated. (Docs. 121 & 122).

Defendant was convicted in this court of offenses pertaining to counterfeit securities, and was sentenced to serve 40 months imprisonment and required to pay restitution in the amount of $1, 907.49 and a special assessment of $500.00. The judgment order directed that those criminal monetary penalties were due immediately and payable in full as of the date of the imposition of sentence, which was May 24, 2006. The judgment also required that payments be made through the clerk of this court. That sentence was affirmed on appeal by the 11th Circuit in an opinion dated December 15, 2006.

The records of the court reflect that as of April 30, 2007, the defendant has paid $25 on his special assessment and nothing on restitution. His co-defendants, with whom he is jointly and severally liable for restitution, have paid $700 on the restitution amount.

On April 17, 2007, a writ of garnishment was issued by this court as to the defendant for the Mobile Police Department, on the motion of the United States Attorney. The garnishee,

Mobile Police Department, has not yet filed an answer to the writ.[1]  The defendant, however, has filed an objection to the writ, and requested a hearing thereon, in Jacksonville, Florida, where he is imprisoned.

The defendant is not entitled to a hearing based upon his filings.  The federal garnishment statute provides that once the garnishee has filed an answer, within 20 days the judgment debtor may file written objections to the answer and request a hearing.  28 U.S.C. §3205(c)(5).  Only if the judgment debtor claims he does not owe the debt, or that some statutory exemption applies to the debt, is he entitled to object and request a hearing before the garnishee has answered.  See 28 U.S.C. §§3202(b) and (d).

In this case, the defendant does not claim that he does not owe the debt or that the subject of the garnishment is exempt from collection.  His objection is that he has not refused to pay <u>some</u> of the debt, and that partial payments are being made by the joint debtors.  These objections are no defense for the garnishment of the sum he <u>does</u> owe, and his motions for a hearing and transfer are hereby **DENIED.**

**DONE and ORDERED** this 1st day of April, 2007.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Answer from the garnishee is due within 10 days of service of the writ. 28 U.S.C. §3205(c)(2)(E).  The court's records do not reflect when or if service was accomplished on the Mobile Police Department.